IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REBECCA TEREISE,<br><br>              Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY (SUBSTITUTED FOR ANDEW SAUL, COMMISSIONER OF SOCIAL SECURITY PURSUANT TO FRCP 25(D));<br><br>              Defendant. | CIV. NO. 20-00279 LEK-RT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR 406(b) FEES |

**FINDINGS AND RECOMMENDATIONS TO
<u>GRANT PETITION FOR 406(b) FEES</u>**

Plaintiff Rebecca Tereise's ("Plaintiff") attorney, Danielle Beaver ("Counsel"), filed a *Petition for 406(b) Fees* ("Fee Motion") on December 12, 2023, pursuant to the Social Security Act, 42 U.S.C. § 406(b). ECF No. 34. Counsel requests attorney fees in the amount of $35,794.00 for work performed in this case. ECF No. 34 at PageID.984. Counsel represents that this amount is equivalent to twenty-five (25) percent of Plaintiff's past-due Social Security Disability Insurance ("SSDI") benefits. *Id*.

The Court elects to decide the *Fee Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful review of the *Fee Motion*, records in this case and applicable law, the Court **FINDS** that Plaintiff is entitled to reasonable attorney fees in the amount of $35,794.00 and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*.

## BACKGROUND

On May 18, 2017, Plaintiff filed an application for disability benefits under Title II and Title XVI of the Social Security Act. ECF No. 34 at PageID.985. Plaintiff alleges that she was unable to work beginning on February 18, 2016 due to her disability. *Id*. Plaintiff's application was denied both initially and upon reconsideration. *Id*. Thereafter, Plaintiff requested for an administrative hearing, which was held on May 20, 2019 before the Administrative Law Judge ("ALJ"). *Id*. Plaintiff received an unfavorable decision on May 31, 2019. *Id*. Plaintiff appealed the ALJ's decision to the Appeals Council, but Plaintiff's request for review was denied. *Id*. Plaintiff then commenced this civil action on June 19, 2020. ECF No. 1.

Plaintiff filed an opening brief on May 13, 2021 (ECF No. 23) and filed a rely brief on August 4, 2021 (ECF No. 30) in response to Defendant's answering brief (ECF No. 27). On March 29, 2022, the district court issued an *Order: Granting in Part and Denying in Part Plaintiff's Appeal; Reversing the*

*Administrative Law Judge's Decision; and Remanding the Case for Further Proceedings*. ECF No. 31. On February 15, 2023, an administrative hearing was held on remand, and Plaintiff received a favorable hearing decision that granted her application for benefits in full. ECF No. 34 at PageID.986. On October 29, 2023, the Social Security Administration ("SSA") issued a *Notice of Award* informing Plaintiff that she has been found to be disabled beginning on February 18, 2016 and was entitled to benefits beginning August 2016. *Id*.; ECF No 34-5 at PageID.1009. On December 12, 2023, Counsel filed the instant *Fee Motion*, requesting twenty-five percent of Plaintiff's past-due SSDI benefits pursuant to the contingency fee agreement entered into between Plaintiff and Counsel. On December 13, 2023, Defendant filed a *Statement of No Position on Plaintiff's Petition for 406(b) Fees* ("Statement of No Position"). ECF No. 35.

## DISCUSSION

Even though Defendant has filed a *Statement of No Position*, the Court must still review the *Fee Motion* and determine the reasonableness of the fees requested. "[Section] 406(b) calls for court review of such [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 791. Under Section 406(b):

3

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "Because the [Social Security Administration ("SSA")] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has the affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). The Court therefore turns to the *Fee Motion* and evaluates the reasonableness of the amount of attorney's fees being requested.

    I.    <u>Contingency-Fee Arrangement</u>

In evaluating whether the fees requested are reasonable, the Court first examines the contingency fee agreement entered into between Plaintiff and her Counsel. In July 2021, Plaintiff and Counsel entered into an *Attorney Fee Agreement*, which states:

> [I]f SSA favorably decides [Plaintiff's] claim at the Appeals Council level, or at the ALJ hearing level after a decision by the Appeals Council or Federal Court, or if a Federal Court favorably decides [Plaintiff's] case, [Plaintiff] will pay [Counsel] a fee equal to 25% of all past due benefits in [Plaintiff's] Social Security and/or SSI disability claims. This may be in addition to any fee charged and received for representation in front of the

> Social Security Administration, which will also be up to 25% of all back benefits awarded in [Plaintiff's] case.

ECF No. 34-4 at PageID.1007. Plaintiff does not oppose the fee agreement and has stated in her declaration that she had "agreed that [Counsel] should receive a fee of twenty-five percent of past-due benefits due to [Plaintiff]." ECF No. 34-3 at PageID.1004. The Court thus finds that Plaintiff and her Counsel entered into a valid contingency fee agreement and that the fees being requested in the instant *Fee Motion* is pursuant to that agreement.

  II.  Reasonableness of the Fee Request

The Court uses several factors to determine whether the fee requested is reasonable.

> Factors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases.

*Dulatre v. Astrue*, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw. Jan. 6, 2010) (citing *Gisbrecht*, 535 U.S. at 805 & 808). In considering any delays in litigation, the Court may reduce fees if it finds that an attorney is responsible for unnecessary delays that results in the accumulation of benefits during the pendency of the case. *Gisbrecht*, 535 U.S. at 808. The Court may also reduce fees if the "benefits are large in comparison to the amount of time counsel spent on a case[.]" *Id*. The Court shall now review the fee request under each factor.

5

A. <u>Risk of Loss</u>

Where litigants enter into contingency fee agreements in cases involving the litigation for SSDI benefits, the attorney entering into these agreements face great risk of not collecting fees despite the work performed. This is because these contingency fee agreements only provide for the payment of attorney fees if the litigant is awarded past-due benefits, and there are no guarantees at the outset that a litigant will be successful. This factor thus tends to indicate that the requested fees are reasonable.

B. <u>Character of the Representation and the Result Achieved</u>

Under this factor, the Court shall evaluate the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citation omitted). Due to Counsel's representation, Plaintiff received more than $142,000.00 in past-due benefits. ECF No. 34 at PageID.990. Plaintiff will also be receiving disability benefits of almost $2,000.00 per month until she reaches retirement age or is no longer disabled. *Id*. Moreover, Plaintiff submitted a declaration in support of the *Fee Motion*, and states that Counsel made "considerable effort[s]" to achieve this success and "prepared [Plaintiff] thoroughly for all stages of [Plaintiff's] case and stuck by [Plaintiff] through multiple levels of appeal." ECF No. 34-3 at PageID.1005. Plaintiff states that she is "very satisfied" with Counsel's work. *Id*. Based on this information and the

favorable results obtained, the Court finds that there is no reason to reduce the fee requested based on the character of Counsel's representation.

### C. No Delays Attributable to Counsel

There is no evidence in this case of Counsel causing any sort of delay where Counsel would have benefited from the accumulation of benefits during the pendency of this case. See *Gisbrecht*, 535 U.S. at 808. The Court thus does not find any reason to reduce the requested fees under this factor.

### D. Hours Expended and Hourly Rate

Although the lodestar method is typically used to determine the reasonableness of fees being request, under 406(b), "fee shift[ing] to the losing party . . . [is] not at issue[.]" *Gisbrecht*, 535 U.S. at 802. In *Gisbrecht*, the Supreme Court distinguished fees under § 406(b) versus the lodestar method. *Gisbrecht*, 535 U.S. at 801. "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery" and "does not authorize the prevailing party to recover fees from the losing party." *Id.* Thus, *Gisbrecht* provides that:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (citation omitted). Counsel has provided timekeeping records with the number of hours expended on specific tasks performed in this case for the Court's

7

review. ECF No. 34-1. Counsel claims that a total of 50 hours were expended on this case, which amounts to $715.88 per hour ($35,794.00 / 50 = $715.88). *Id*. The Court finds that this hourly rate falls within the normal range of hourly rates for similar contingency cases. *See e.g.*, *Kava v. Kijakazi*, Civ. No. 20-00385 JAO-WRP, 2022 WL 15525001, at *3 (D. Haw. Oct. 12, 2022) (effective hourly rate of $737.92 for attorney's fees considered reasonable in the context of § 406(b)); *Howser v. Kijakazi*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2992420, at *2 (D. Haw. Mar. 28, 2023), *report and recommendation adopted*, Civ. No. 20-00232 DKW-KJM, 2023 WL 2991112 (D. Haw. Apr. 18, 2023) (effective hourly rate of $404.46 for attorney's fees considered reasonable in the context of § 406(b)). After considering the amount of hours expended, counsel's hourly rate, the results obtained and Plaintiff's declaration, the Court finds that there is no basis for any reduction in fees. The Court thus finds that Counsel's fee request is reasonable.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that the fees in the amount of $35,794.00 is reasonable and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*. The Court **RECOMMENDS** that the district court award Counsel $35,794.00 to be paid out of the sums previously withheld by the Commissioner.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 16, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00279 LEK-RT;  *Rebecca Tereise vs. Kilolo Kijakazi, Acting Commissioner of Social Security*;  Findings and Recommendations to Grant Petition for 406(b) Fees